LAW OFFICE OF DAVID J. LABIB, LLC
2983 KENNEDY BLVD, SUITE 301
JERSEY CITY, NJ 07306
TEL. 201-267-7373
*Attorneys for Claimant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISCTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      *Plaintiffs,*<br>v.<br><br>$40,000.00 IN UNITED STATES CURRENCY<br><br>      *Defendant-in-rem,* | VERIFIED CLAIM<br><br>13 Civ. 6371 (LGS) |

  Claimant, Ibrahim Emam herein, by his attorney, the Law Office of David J. Labib, LLC, for his verified claim hereby alleges, upon information and belief, as follows:

## I. INTRODUCTION

  1. This action is brought by the United States of America, pursuant to 21 U.S.C. Section 881(a)(6), seeking the forfeiture of $40,000.00 in United States currency ("Defendant Currency"), on the grounds that Defendant Currency constitutes moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

## II. JURISDICTION AND VENUE

  2. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1345 and 1355.

  3. Venue is proper under 28 U.S.C. Sections 1355 and 1396 (b) because the Defendant Currency was seized in the Southern District of New York.

### III. NO PROBABLE CAUSE FOR FORFEITURE

4. On or about February 28, 2013, Claimant purchased a one-way ticket in cash to board a train from Florida to New York City. Claimant was carrying in his possession the Defendant Currency in the amount of $40,000.00 to seek out business opportunities.

5. Claimant was sick with a high fever during his travel on the train. The staff on the train tended to Claimant while he was sick and can testify that he was indeed sick with a fever in need of medication.

6. While stopped at the Newark Penn Station, without any probable cause, Claimant was approached by investigating agents. The agents asked Claimant if he had any bags in the luggage compartment or in his room and Claimant responded that he did.

7. The investigating agents then searched Claimant's bags and found the Defendant Currency. At no point prior to this search did the investigators ask Claimant if he was carrying any currency.

8. Thereafter, the investigating agents seized Claimant's bags and the Defendant Currency. Upon arrival in New York Penn Station, another two investigating agents came onto the scene.

9. Afterwards, the investigating agents asked Claimant if he had any firearms or weapons in his bags to which Claimant replied that he did not. The agents searched Claimant's bags and indeed they found no weapons. The agents also took all of Claimant's identification documents including his Passport and did a full background check and found no criminal history whatsoever against Claimant.

10. During the investigation, on at least three separate occasions, Claimant requested an Arabic Interpreter so that he could understand the reason for the warrantless search and seizure. The investigating agents never called an Interpreter despite Claimant's several requests for same.

11. Also during the investigation, Claimant requested an attorney. Again, the agents refused to allow Claimant to speak or consult with an attorney. The agents repeatedly replied and told Claimant that he did not need an attorney or an interpreter.

12. Also, one of the investigators threatened Claimant during the investigation. More specifically, the investigator threatened to "hit" Claimant. When Claimant asked for clarification of what the investigator meant by "hit", the investigator said that if it was any other officer, he would have "hit" the Claimant and seized his money.

13. Claimant did not engage in any type of drug activity and was never around any drug activity.

14. Claimant never witnessed any K-9 dog on the scene.

15. There was no probable cause for the unlawful search and seizure in this case.

16. Plaintiff's Verified Complaint fails to state sufficient detailed facts to support probable cause or to support a reasonable belief that Plaintiff will be able to meet its burden of proof at trial.

## IV. CLAIM

17. The allegations contained in Paragraphs 1 through 15 of the Verified Claim are incorporated herein.

18. Claimant is the sole owner of the entire amount of $40,000.00 of the Defendant Currency. Claimant is 100% owner of the entire interest in the Defendant Currency.

19. Claimant legitimately earned and acquired the Defendant Currency. On or about April 24, 2013, Claimant provided the Forfeiture Counsel of the DEA all tax documentation, receipts, checks and proofs of same.

3

20. Claimant has never been previously arrested or charged with any type of crime or an offense in the State of New York or in any other State or Country.

21. Claimant has never been previously arrested, charged or implicated with any type of drug-related crime, offense, or local city ordinance violation of a drug nature.

22. Claimant has never been previously involved in any illegal activity whatsoever.

23. Claimant was a very successful businessman in his home country, Egypt. In fact, Claimant was the Owner of his own company as indicated on his Passport. The name of the company is "Ocean Marine Service Alexandria."

24. On or about September 2011, Claimant was granted Asylum by the United States because he was persecuted in Egypt for converting to Christianity from Islam.

25. On or about February 2013, Claimant was actively pursuing marine business opportunities in Florida; however, the $40,000.00 was not enough to start any type of marine business. Claimant was simultaneously pursuing a limo or car-service business opportunity as stated in his Contest of Forfeiture dated on or about April 2013. In fact, at the time the Defendant Currency was seized, Claimant had a commercial driver's license with the New York Taxi City and Limousine Commission.

26. Claimant has no link whatsoever to any drug activity anywhere.

27. Plaintiff's verified complaint fails to mention any one unlawful activity committed by Claimant.

28. Plaintiff's verified complaint fails to link Claimant with any unlawful drug activity or entity.

29. Plaintiff's verified complaint fails to state how Claimant intended to use the Defendant Currency in exchange for a controlled substance.

30. Plaintiff's verified complaint fails to state any details as to how the Defendant currency may be traceable to drug activity.

31. Plaintiff's verified complaint fails to state any details as to how the Defendant Currency may be used to facilitate drug activity.

32. Based on the foregoing reasons, the Defendant Currency is not subject to forfeiture, Plaintiff's verified complaint must be dismissed, and Defendant Currency must be immediately returned and released to Claimant.

**WHEREFORE**, Claimant demands the Court deny Plaintiff's requests in the Verified Complaint and to enter judgment in favor of Claimant and return Defendant Currency to Claimant.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 20th day of March, 2014.

_____
Signature of Claimant

Sworn to before me this
20th day of March, 2014

_____
Notary Public by Law
David J. Labib, Esq.
Attorney at Law
State of New Jersey

DAVID J. LABIB, ESQ.
ATTORNEY AT LAW
2983 Kennedy Blvd., Suite 400
Jersey City, NJ 07306

2983 Kennedy Blvd., Suite 301
Jersey City, NJ 07306
Tel: 201-267-7373
Fax: 201-267-7440

5

## VERIFICATION

**STATE OF NEW JERSEY**
**COUNTY OF HUDSON**

CLAIMAINT, IBRAHIM EMAM, being duly sworn, deposes and says that he is the Claimant in this action; that he has read the foregoing answer and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The source of deponent's information and the ground of his belief are his first-hand knowledge of the events that led to this action.

_____
Signature of Claimant

Sworn to before me this
20th day of March, 2014

_____
Notary Public by Law
David J. Labib, Esq.
Attorney at Law
State of New Jersey

DAVID J. LABIB, ESQ.
ATTORNEY AT LAW
2983 Kennedy Blvd., Suite 400
Jersey City, NJ 07306

2983 Kennedy Blvd., Suite 301
Jersey City, NJ 07306
Tel: 201-267-7373
Fax: 201-267-7440

6